IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CEDRIC LACKEY, | : | Civil No. 3:20-CV-0373 |
| Plaintiff, | : | |
| v. | : | |
| BRENDA R. ATTINGER, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

# MEMORANDUM

Presently before the court is a motion to dismiss the complaint based on the lack of personal involvement and sovereign immunity filed by Defendants Adam T. Fisher, George A. Donadi, and the Pennsylvania Department of Corrections'.[1] (Doc. 13.) For the reasons that follow, the court will grant Defendants' motion to dismiss but allow the self-represented Plaintiff, Cedric Lackey, to file an amended complaint as to his claims against Defendants Attinger, Fisher and Donadi.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Cedrick Lackey ("Plaintiff" or "Lackey"), an inmate presently confined at the Coal Township State Correctional Institution ("SCI-Coal Township"), in Coal Township, Pennsylvania, filed this action on February 26, 2020, claiming he suffered severe burns to his right hand after the hair trimmer he

---

[1] Defendant Brenda R. Attinger, although represented by the same counsel as the moving Defendants, does not seek join in this motion. To date, Defendant Attinger has not filed a response to the complaint.

was issued exploded. (Doc. 1.) He names the following SCI-Coal Township employees as Defendants: Brenda R. Attinger, Barber School Instructor; Adam T. Fisher, Correctional Electrical Supervisor; and George A. Donadi, Correctional School Principal. Lackey also names the Pennsylvania Department of Corrections ("DOC") as a Defendant.[2]

In February 2019, Lackey enrolled in the institution's barber school program. (*Id*., ¶ 12.) As a student, Lackey provided haircuts for other inmates using equipment provided by the institution. (*Id*., ¶ 13.) On the morning of October 22, 2019, Defendant Attinger instructed Lackey to cut an inmate's hair. (*Id*., ¶ 14.) Lackey noticed the trimmer he was assigned was "still malfunctioning" and advised Defendant Attinger that he was "uncomfortable" using it. Defendant Attinger stated she was aware of the problem with the older trimmer and that "she made a replacement order into defendants Donadi and Fisher." (*Id*., ¶ 16.) Lackey then told Defendant Attinger the trimmer had a loose wire and gets "extremely hot" burning his hand. (*Id*., ¶ 18.) Defendant Attinger advised Lackey that he could either cut the inmate's hair with the trimmer provided or return to his housing unit and receive a misconduct for refusing to obey. (*Id*., ¶¶ 18–19.) When

---

[2] Due to a clerical error, the court's June 30, 2020 dismissal of the DOC was not entered on the docket. *See* Doc. 8, ¶ 6.

Lackey started using the trimmer, it "exploded on fire" causing "severe burns to his right hand." (*Id*., ¶ 21.) He was sent to the medical unit where his injuries were documented and treated. (*Id*., ¶ 22.) Twice daily for a week Lackey was required to report to the medical unit for wound care. (*Id*., ¶ 24.)

Lackey claims that Defendants Attinger, Donadi, and Fisher were deliberately indifferent to his health and safety by forcing him to use the faulty trimmer. (*Id*., ¶¶ 26–28.) He adds that Defendants Fisher and Donadi were equally deliberately indifferent to his safety because they "repeatedly ignored and [failed] to correct an obvious and serious danger." (*Id*., ¶¶ 26–27.)

## JURISDICTION

This court has jurisdiction over Plaintiff's action under 28 U.S.C. § 1331 which allow a district court to exercise subject matter jurisdiction in cases arising under the Constitution, laws, or treaties of the United States.

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting

*Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

     A complaint filed by a self-represented plaintiff must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520 - 21 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Yet, even a self–represented plaintiff "must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). Self–represented plaintiffs are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 861 (3d Cir. 2014). A complaint that sets forth facts which affirmatively demonstrate that the

plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

## DISCUSSION

**A. Lackey fails to state a Cognizable Claim against the DOC.**

The Pennsylvania Department of Corrections is entitled to Eleventh Amendment sovereign immunity. *See Lavia v. Pa. Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (finding that the Pennsylvania Department of Corrections "shares in the Commonwealth's Eleventh Amendment immunity"). The agency also does not qualify as a "person" amenable to suit under 42 U.S.C. § 1983. *See Pettaway v. SCI Albion*, 487 F. App'x 766, 768 (3d Cir. 2012) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)). Accordingly, Lackey's claims against the DOC will be dismissed with prejudice.

**B. Defendants Fisher and Donadi's Lacked Personal Involvement in the Events of October 22, 2019.**

For a defendant to be held liable for violation of a plaintiff's civil rights, the defendant must have personal involvement in the alleged wrongs. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). A complaint therefore must plead a defendant's personal involvement in order to survive a motion to dismiss, which can be accomplished by alleging "the defendant's participation in or actual

5

knowledge of and acquiescence in the wrongful conduct." *Chavarriaga v. N.J. Dep't of Corrs.*, 806 F.3d 210, 222 (3d Cir. 2015).

Lackey alleges Defendant Attinger was deliberately indifferent to his health and safety by ignoring his warnings that the trimmer she assigned him was malfunctioning and overheated in his hand when used. (Doc. 1.) Lackey claims Defendant Fisher, a correctional electrical supervisor, and Defendant Donadi, the school principal, were also deliberately indifferent to his safety based on Defendant Attinger's statement that she had placed a "replacement order" with them to replace older trimmers. (*Id.*, ¶¶ 15–16.) In his opposition brief, Lackey argues that both Defendants became "aware of the problems with the trimmers once Defendant Attinger made a replacement order to [them]; but yet and still, ignored Defendant Attinger's replacement order for new or repaired trimmers." (Doc. 17, p. 5.)[3]

The allegation that Defendants Fisher and Donadi knew that older trimmers needed to be replaced is too general to find that Defendant Fisher or Defendant Donadi had personal involvement in the alleged violation of Lackey's constitutional rights. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (holding that deliberate indifference, which is a required element of an Eighth Amendment

---

[3] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

claim, "describes a state of mind more blameworthy than negligence"); *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (holding a state official's negligent act "causing unintended loss of or injury to life, liberty, or property" does not implicate the Due Process Clause). Lackey fails to plead any factual allegations that demonstrate either Fisher or Donadi had actual knowledge that the trimmer assigned to Lackey on the day of the incident was currently unsafe, required repairs, or should have been taken out of service. Accordingly, the court finds that Lackey has failed to plead that Fisher or Donadi ignored an excessive risk to his safety simply based on their receipt of Defendant Attinger's request for new trimmers.

### C. Leave to Amend

The court will dismiss Lackey's complaint against the DOC with prejudice. The court will also dismiss Lackey's complaint against Fisher and Donadi in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1). However, because it is conceivable that Lackey may be able to cure the defects of his pleading with respect to Fisher and Donadi, the court will grant Lackey leave to file an amended complaint. If Lackey decides to file an amended complaint, he must clearly label the document "Amended Complaint." It must bear the docket number assigned to this case and must be retyped (double spaced) or legibly rewritten (double spaced)

in its entirety, on the court-approved form.[4]  In addition, any amended complaint filed by Lackey supersedes (replaces) the original complaint already filed.  It must be "retyped or reprinted so that it will be complete in itself including exhibits."  M.D. Pa. LR 15.1; *see also W. Run Student Hous. Assocs. v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013).  Lackey should make every effort to ensure his amended complaint, if handwritten, is double spaced and legible.  Illegible documents will be returned to plaintiff.

If Lackey fails to file an amended complaint on the court's form within 21 days, and in compliance with the court's instructions, this matter will proceed exclusively on his Eighth Amendment claim as to Defendant Attinger.  Finally, Plaintiff is reminded of his ongoing obligation to advise the court of any change of address.  *See* M.D. Pa. LR 83.18.  His failure to do so will be deemed as abandonment of the lawsuit resulting in the dismissal of the action.

---

[4] In the "Caption" section of the amended complaint, Plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue.  Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.

## CONCLUSION

For the above reasons, the court will grant Defendants' motion to dismiss. (Doc. 13.) Lackey will be granted leave to file an amended complaint. An appropriate order will issue.

s/ Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: March 30, 2021