**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CEDRIC LACKEY, | : | Civil No. 3:20-CV-0373 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BRENDA R. ATTINGER, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## <u>MEMORANDUM</u>

Presently before the court are two motions filed by self-represented Plaintiff Cedric Lackey and one motion filed by Defendant Attinger.  Plaintiff's motion for sanctions for discovery violations, Doc. 32, and motion to file a second amended complaint, Docs. 38, will be denied.  Defendants' motion to enlarge the dispositive motions filing period, Doc. 44, will be granted.

### RELEVANT BACKGROUND AND PROCEDURAL HISTORY

Cedric A. Lackey initiated this civil rights action on February 26, 2020, after he suffered severe burns to his right hand when a defective hair trimmer exploded in his hand at SCI-Coal Township.  (Doc. 1.)  Lackey named Brenda R. Attinger, the Barber School Instructor, as a Defendant based on her order that Plaintiff use the hair trimmer over his objection that it was malfunctioning and unsafe.  Also named as Defendants were Adam T. Fisher, Correctional Electrical Supervisor, and George A. Donadi, Corrections School Principal.  (*Id.*)  Lackey was granted leave

to file an amended complaint after the court granted Defendants Fisher and Donadi's motion to dismiss due to their lack of personal involvement.  (Doc. 21.) Lackey's amended complaint consists of a single Eighth Amendment claim against Defendant Attinger.  (Doc. 23.)  Defendant Attinger filed an answer on May 4, 2021.  (Doc. 24.)  The court issued a case management order on May 6, 2021, setting the close of fact discovery by November 30, 2021 and the filing of dispositive motions by December 30, 2021.  (Doc. 25.)

Since the filing of his complaint, Lackey has made repeated efforts to engage Defendant in discovery.  On August 4, 2021, Lackey filed a motion to compel seeking Defendant's responses to properly served discovery from August 2020 and June 2021.  (Doc. 26.)  In her opposition to Lackey's motion, "Defendant acknowledge[d] that the discovery was not responded to until" August 4, 2021. Defendant offered no explanation for the delay.  (Doc. 28.)  The court denied Lackey's motion to compel on November 3, 3021.  (Doc. 41.)

## DISCUSSION

### A. Motion for sanctions for discovery violations

Lackey's motion for sanctions is filed pursuant to Federal Rule of Civil Procedure 37.  (Doc. 32.)  Lackey provides evidence demonstrating service of his October 29, 2020 discovery requests upon defense counsel.  Defendant does not dispute this fact.  Lackey also provides copies of letters to defense counsel

2

repeating his discovery requests as recently as June 25, 2021.  (Doc. 27, pp. 5-22.[1]) Lackey's motion to compel was denied only because Defendant provided responses, albeit untimely, after the motion was filed.  (Doc. 41.)

Defendant opposes Lackey's motion for discovery sanctions based on her August 4, 2021 fulfillment of her discovery obligations, as well as her supplemental discovery response served the same day as her opposition brief. (Doc. 40-2.)  Contrary to Lackey's assertion, Defendant argues that her delayed discovery responses have not prejudiced Lackey as evidenced by his ability to file a motion to file an amended complaint.  Finally, Defendant states sanctions are inappropriate pursuant to Rule 37(b)(2) as she did not fail to obey a court order. (Doc. 40.)  In his reply, Lackey argues that his motion for sanctions is not based on Defendant's failure to comply with a court order, but for Defendant's failure to timely respond to his discovery requests.  (Doc. 43.)

Pursuant to Federal Rules of Civil Procedure, a party in receipt of a properly served discovery has 30 days to respond.  *See* Fed. R. Civ. P. 33 and 34.  If unable to respond during this time frame, the parties may stipulate per Rule 29 to a longer time, or the responding party may request the same from the court.  *See* Fed. R. Civ. P. 29, 33(b)(2), 34(b)(2).  It is undisputed that Defendant received Lackey's

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

October 29, 2020 discovery request but did not respond to it until August 4, 2021.

Defendant did not request a stipulation from Lackey or seek an enlargement from

the court to respond to Lackey's discovery requests, but rather simply failed to

respond.  Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking

discovery may move for an order compelling an answer, designation, production,

or inspection."  Fed. R. Civ. P. 37(a)(3)(B).  In this case, Lackey's motion to

compel was denied because Defendant responded to the discovery *after* Lackey

filed his motion to compel.  (Docs. 28, 41.)

Rule 37(a)(5) allows for the payment of a party's costs associated with a

motion to compel discovery responses.  Regarding the payment of expenses, the

rule states:

> If the motion is granted--*or if the disclosure or requested discovery is provided after the motion was filed* -- the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

4

Case 3:20-cv-00373-JPW-PT   Document 45   Filed 11/29/21   Page 5 of 8

> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).  Here, the parties do not dispute that Lackey did not receive response to his October 29, 2020 discovery requests until August 4, 2021.  Likewise, it is undisputed that Defendant was provided the opportunity to provide justification for her non-disclosure when responding to Lackey's motion to compel and motion for sanctions, yet no explanation was offered.  Though Defendant's failure to provide a timely response to Plaintiff's discovery requests is inexcusable, the court is constrained to deny Lackey's request for reasonable expenses as there is no evidence on the record that Lackey conferred with Defendant prior to filing his motion to compel.  *See* M.D. Pa. Local Rule 26.3.  Lackey has presented no evidence demonstrating that he advised Defendant that her responses were overdue, or that he intended to file a motion to compel responses if he did not promptly receive them.  Accordingly, Lackey's motion for discovery sanctions will be denied.

### B. Motion for leave to file a second amended complaint

On October 11, 2021, Plaintiff filed a motion for leave to file an amended complaint.  Lackey seeks to add Oster Direct, Inc., the maker of the malfunctioning hair clippers to assert a products liability claim.  As required by local rules, Lackey

submits a copy of his proposed amended complaint for the court's review.  (Doc.

39-1.)  Defendant does not oppose Plaintiff's motion to amend.

Since Lackey has already filed an amended complaint in this action, he may

only amend his pleading with Defendant's consent or the court's leave.  *See* Fed.

R. Civ. P. 15(a)(2).  Federal Rule of Civil Procedure 15(a)(2) states "[t]he court

should freely give leave when justice so requires."  However, leave to amend may

be denied when there is "undue delay, bad faith, dilatory motive, prejudice, and

futility." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting *In re*

*Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).  Rule 20

of the Federal Rules of Civil Procedure, however, limits the joinder of defendants

in an action.  Rule 20(a)(2) provides:

> *Defendants*.  Persons ... may be joined in one action as
> defendants if:
>
> (A) any right to relief is asserted against them jointly,
> severally, or in the alternative with respect to or arising out
> of the same transaction, occurrence, or series of
> transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants
> will arise in the action.

Fed. R. Civ. P. 20(a)(2)(A) and (B).  Courts have broad discretion in applying Rule

20 to reduce inconvenience, delay, and added expense to the parties and to the

court, and to promote judicial economy.  Nevertheless, the policy of liberal

application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit or circumvent filing fees requirements.  *See, e.g., Sanders v. Rose*, 576 F. App'x 91, 94 (3d Cir. 2014); *see also George v. Smith*, 507 F.3d 605 (7th Cir. 2007).

Here, while Lackey seeks to pursue a products liability claim against the maker of the faulty hair clippers, he may not do so in this action.  There is no common question of law posed against Defendant Attinger and Oster Direct. Lackey concedes he does not seek to assert an Eighth Amendment deliberate indifference claim against Oster Direct and he cannot pursue a state law products liability case against Defendant Attinger.  As such, there is no common question of law or fact between these defendants except Lackey's use of the hair trimmer.  As such, Lackey's motion to amend will be denied.

### C. Defendant's motion for extension of the dispositive motions deadline

Defendant cites various litigation obligations of defense counsel that are expected to prevent him from complying with the court's December 30, 2021 dispositive motions deadline.  As such, Defendant seeks a 30-day enlargement. (Doc. 44.)  Lackey has not yet filed a response to Defendant's motion.

At this point, Lackey has argued that Defendant's *laissez faire* discovery practice has "impos[ed] severe inconvenience and hardship on Plaintiff and

7

substantially delaying the discovery process." (Doc. 34.)  Months of the discovery period were consumed by Defendant's failure to acknowledge Lackey's discovery requests.  Now that Defendant has provided Lackey with responses to his discovery requests, the court will extend the dispositive motion deadline in this matter by 30 days.  However, the court will not grant any further exceptions absent a showing of good cause.

    An appropriate order will follow.

s/ Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated:  November 29, 2021